IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TROY L. ELDRIDGE,

       Plaintiff,

vs.                                                                  No. CV 16-00995 RJ/SCY

STATE OF NEW MEXICO, COUNTY OF
SAN JUAN IN THE 11TH DISTRICT COURT,
And SAN JUAN COUNTY DISTRICT ATTORNEY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed September 6, 2016 by Plaintiff Troy L. Eldridge. (Doc. 1) ("Complaint"). The Court concludes that the Complaint fails to state a claim on which relief can be granted and dismisses Plaintiff's claims.

Plaintiff Eldridge is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925

F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be

given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Eldridge asserts claims under 42 U.S.C. § 1983 against the State of New Mexico, County of San Juan, 11th District Court and the San Juan County District Attorney. (Doc. 1). Eldridge claims that the Defendants violated his constitutional rights by wrongfully convicting and sentencing him for the crime of Vehicular Homicide in 2009. (Doc. 1 at 2-3). Eldridge seeks compensatory damages, dismissal of all charges, and release from prison. (Doc. 1 at 6).

Eldridge's Complaint fails to state a claim for relief on several grounds. First the State of New Mexico, County of San Juan, 11th District Court is a state entity. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Therefore, the claims against the State of New Mexico, County of San Juan, 11th District Court must be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989).

Second, To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

3

Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of employees. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom,* to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complaint does not name any individual as a defendant or make allegations of individualized acts. Instead, only the title "San Juan County District Attorney" is referenced and the Complaint alleges no more than generalized conclusions. The mere naming of an official, without actual identification of the individual and without any allegations of personal involvement by him, is insufficient to state a claim upon which relief can be granted. him. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948.

Last, all claims in the case are barred under the doctrine of *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487; *Wilkinson v. Dotson,* 544 U.S.

74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997). The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson,* 544 U.S. at 81-82. If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015).

Eldridge seeks damages, dismissal of charges, and release from prison on the grounds that he was wrongfully charged, convicted, and sentenced in his state court criminal proceeding. (Doc. 1 at 2-4, 6). A favorable ruling on Eldridge's claims would require treating his conviction and sentence as invalid. The claims against Defendant State of New Mexico County of San Juan, 11th District Court and San Juan County District Attorney for violation of 42 U.S.C. § 1983 are barred by *Heck*, therefore, fail to state a claim upon which relief can be granted, and must be dismissed. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556-57 (10th Cir.1999); *Wilkinson,* 544 U.S. at 81-82.

The Court also declines to grant Eldridge leave to amend his Complaint because the Court determines that any amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Although not named as a defendant, 11th District Court Judge John Dean is identified as the judicial actor in Eldridge's "Additional Supporting Facts." (Doc. 3 at 3). Any claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434-35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391,

5

396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. Any claims against Judge Dean would be subject to immediate dismissal based on the bar of absolute judicial immunity.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers,* 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Even if Eldridge was to identify the individual District Attorney, any claims against the District Attorney for actions taken in connection with prosecution of Eldridge would also be barred by prosecutorial immunity. *Burns v. Reed,* 500 U.S. at 485.

Last, civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell*

v. *Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell*, 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Harvey v. United States*, 685 F.3d 939, 949 (10th Cir. 2012). Any claims Eldridge has arising from his 2009 conviction and sentencing would be barred by the applicable statute of limitations.

Because the Court concludes that Eldridge's Complaint fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Eldridge that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff, Troy L. Eldridge on September 6, 2016 (Doc. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and the Court imposes a **STRIKE** against Eldridge under 28 U.S.C. § 1915(g).

SIGNED this 8th day of December, 2016.

_____
ROBERT A. JUNELL
Senior United States District Judge